**U.S. Department of Justice**

Civil Division

DEG:erq:bmm
39-52-3258.03

*Washington, DC 20530*

**Via CM/ECF**

November 16, 2015

Honorable Lois Bloom
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Junior Mohammed Ricketts v. Loretta E. Lynch*, No. 1:15-cv-00329-MKB-LB
Status of Respondent's stipulation proposals; Respondent's motions in limine

Dear Judge Bloom:

As the Court will recall, Respondent has repeatedly proposed to Mr. Ricketts's counsel stipulations of fact and stipulations concerning the authenticity and admission of documents. As of this filing, Mr. Ricketts's counsel have not responded to the majority of Respondent's stipulation proposals. As mentioned in Respondent's November 9, 2015 letter, Dkt. 57, these proposals are designed to keep the December 2, 2015 hearing as short as possible consistent with both sides presenting their cases. If accepted, Respondent's proposed stipulations would eliminate or substantially limit the need for calling as many as 9 witnesses.

Meanwhile, Respondent asks the Court to grant motions in limine concerning evidence to be considered at the upcoming hearing. The Court has scheduled a telephonic status conference for November 24, 2015, Dkt. 56, and Respondent proposes that conference, or another time and place to be designated by the Court, for the parties to be heard on Respondent's motions in limine. (If undersigned counsel may be of any assistance in facilitating Mr. Ricketts's participation at the November 24, 2015 conference, counsel would be happy to make whatever efforts may be useful.)

Respondent also attaches Respondent's motions in limine. Respondent is hopeful that some of the motions in limine will become moot if Mr. Ricketts accepts Respondent's proposed stipulations; Respondent again invites Mr. Ricketts's counsel to contact undersigned counsel to discuss proposed stipulations.

On November 13, 2015, Respondent's counsel solicited the position of Mr. Ricketts's counsel on motions in limine. As of this filing, Mr. Ricketts's counsel have not responded, so Mr. Ricketts's position is unknown.

Respectfully,

/s/ Benjamin Mark Moss

Benjamin Mark Moss
Trial Attorney
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-8675
e-mail: benjamin.m.moss2@usdoj.gov
Attorney for Respondent

**Cc: via ECF**
**Thomas E. Moseley, Esq.**
**Michael P. DiRaimondo, Esq.**

**Encl. Respondent's motions in limine and exhibits thereto**

Erik R. Quick, Esq.
Benjamin Mark Moss, Esq.
TRIAL ATTORNEYS
Douglas E. Ginsburg
ASSISTANT DIRECTOR
Benjamin C. Mizer
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
Telephone: (202) 307-8675
Facsimile: (202) 307-8781
Email: benjamin.m.moss2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

JUNIOR MOHAMMED RICKETTS,
a/k/a JUNIOR NATHANIEL RICKETTS,
a/k/a PAUL MILTON MILES,

Petitioner,

vs.

U.S. Attorney General
Loretta E. Lynch,

Respondent.

**Case No. 1:15-cv-00329-MKB-LB**

**RESPONDENT'S MOTIONS IN LIMINE**

## NOTICE OF MOTION & RELIEF SOUGHT

On November 24, 2015, at 9:15 a.m., or on a date and time to be designated by the Court, Respondent will move for an order under Section 4.B.iii of Judge Brodie's Individual Practices and Rules (Rev. Sept. 2015), admitting records of usually-conducted activity and prior testimony, among other evidence described below, and excluding inadmissible hearsay and any other evidence which Mr. Ricketts may offer without laying a proper evidentiary foundation.

Respondent solicited Mr. Ricketts's position on motions in limine on November 13, 2015, and as of this filing Mr. Ricketts's position is unknown.

## PERTINENT BACKGROUND

Respondent has repeatedly invited Mr. Ricketts to stipulate to facts and to the admission of documents. *E.g.*, Nov. 4, 2015 Tr. 9:7-16. As of this filing, however, Mr. Ricketts has not responded to the majority of Respondent's stipulation proposals.[1] Respondent remains hopeful that Mr. Ricketts will respond, and therefore hopes that portions of Respondent's motions in limine will become moot if Mr. Ricketts agrees to stipulate to the admission of various documents.

[1] Mr. Ricketts has agreed to stipulate to his criminal convictions and to the admission of the deposition testimony and exhibits of Mr. Steven Schwartz, the birth-certificate registrar. *E.g.*, Nov. 4, 2015 Tr. 9:17-11:14; 22:16-20.

Out of abundant caution, however, and to resolve as many evidentiary issues as possible before the December 2, 2015 hearing, Respondent asks the Court for evidentiary rulings as follows.

## THE COURT SHOULD ADMIT:

Respondent reserves the right to offer additional evidence at the hearing, but meanwhile, for good cause shown and under the Federal Rules of Evidence, Respondent respectfully asks the Court to admit into evidence the following:

### I. The Court should admit Mr. Ricketts's July 9, 2015 deposition in this case as a Rule 801(d)(2)(A) non-hearsay party admission.

Respondent moves that Mr. Ricketts's July 9, 2015 deposition testimony, taken in this case, Ex. A, be admitted into evidence as non-hearsay under Federal Rule of Evidence 801(d)(2) (party admission). Mr. Ricketts was represented by counsel at his deposition, gave sworn testimony, and had the opportunity to make any corrections (though, to Respondent's knowledge, he made no corrections). Mr. Ricketts's July 9, 2015 deposition testimony should be admitted. *See, e.g.*, *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d. 529, 543 (E.D.N.Y. 2011) (party opponent's "deposition testimony is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(A)."). Alternatively, the Court should admit Mr. Ricketts's deposition under Rules 801(d)(1)(A) and 804(b)(1).

**II. The Court should admit Steven Schwartz's July 8, 2015 deposition under Rule 804(b)(1) (witness unavailable).**

By stipulation, *see* Nov. 4, 2015 Tr. 9:17-11:14, the parties jointly designated in full and stipulated to the admission of the July 8, 2015 deposition testimony—and stipulated to the authenticity and admission of the deposition exhibits—of Steven Schwartz, New York City Registrar of Vital Statistics, New York City Department of Health and Mental Hygiene.

As noted at the November 4, 2015 status conference, Mr. Schwartz is unavailable to testify at the December 2, 2015 hearing, *see* Nov. 4, 2015 Tr. 9:17-20; this is because he will be out of the country. Further, Mr. Ricketts's counsel Thomas E. Moseley, Esq., attended Mr. Schwartz's deposition and had the opportunity to cross-examine Mr. Schwartz. Finally, Mr. Ricketts's counsel stated that "the testimony is also helpful to" Mr. Ricketts. Nov. 4, 2015 Tr. 11:11. Therefore, the parties designated Mr. Schwartz's deposition and deposition exhibits in full. *See* Fed. R. Evid. 804(b)(1).

Alternatively, Respondent moves to admit Mr. Schwartz's deposition testimony, Ex. B, and deposition exhibits, Ex. C (generally: birth certificates and amendments, and procedural manuals for vital statistics operations), which he authenticated at his deposition. Mr. Schwartz's deposition testimony is admissible

because it "was given as a witness at a . . . lawful deposition" and "is now offered against a party," Mr. Ricketts, "who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). *See, e.g.*, *United States v. Salim*, 664 F. Supp. 2d. 682, 694 (E.D.N.Y 1987) ("Whether the deposition be treated as within a class of reliable hearsay pursuant to Rule 804(b)(1), or as having strong specific indicia of reliability under [the residual hearsay exception], it passes muster.").

Finally, as noted at the November 4, 2015 status conference, if the Court is disinclined to accept into evidence the deposition testimony and exhibits of Mr. Schwartz, then Respondent alternatively moves the Court to keep the hearing open and continue the hearing so that Mr. Schwartz might offer live testimony on a later date.

**III. The Court should admit Mr. Ricketts's 1999 sworn immigration court testimony as a Rule 801(d)(2)(A) non-hearsay party admission.**

Respondent moves that Mr. Ricketts's 1999 immigration court testimony (and other statements he made on that record) be admitted into evidence as non-hearsay under Federal Rule of Evidence 801(d)(2) (party admission), contained in Ex. D, attached. These statements by Mr. Ricketts are relevant because they concern issues relating to his citizenship, the issue before the Court in this matter.

*See* Fed. R. Evid. 401. They are also admissible to the extent they fall within Rule 801(d)(1)(A).

Mr. Ricketts has had access to his 1999 immigration hearing transcript for roughly the past fifteen years. In addition, on or around August 5, 2015, Respondent sent a copy of the transcript to Mr. Ricketts in discovery in this matter, Bates stamped ICE 000452-ICE 000667. Upon initial review, the portions of the 1999 immigration hearing transcript (including cover and certification pages) containing statements by Mr. Ricketts are as follows:

| **Mr. Ricketts: Immigration Hearing Transcript Page** | **Bates Number** |
|---|---|
| Cover page; 1-11 (May 20, 1999) | ICE000452-63 |
| Cover page; 12-29 (June 9, 1999) | ICE000464-82 |
| Cover page; 32-34, 37-40 (June 29, 1999) | ICE000485-88, 491-94 |
| Cover page; 41-42, 45-46, 48-49 (July 15, 1999) | ICE000495-97, 500-01, 03-04 |
| Cover page; 51-58, 61-63 (Aug. 12, 1999) | ICE000506-14, 517-19 |
| Cover page; 66-67, 70 (Sept. 9, 1999) | ICE000520, 523-24, 527 |
| Cover page; 74, 76, 108-112, 114, 117-20, 131-58, 161-62, 164-98, 200-12, 214, 224-25, 228-31 (undated); certificate page | ICE000528, 532, 534, 543-47, 549, 552-55, 566-93, 596-97, 599-633, 635-47, 649, 659-60, 663-66, 667 |

**IV. The Court should admit Gary Hittelman's 1999 sworn immigration court testimony under Rule 804(b)(1) (witness unavailable).**

Under Federal Rule of Evidence 804(a) and (b)(1), Respondent moves to admit the testimony which retired INS Special Agent Gary Hittelman gave at Mr. Ricketts's 1999 immigration court hearing, contained in Ex. D, attached. Mr. Hittelman investigated Mr. Ricketts's citizenship claim, and his prior testimony in Mr. Ricketts's immigration court hearing is relevant because it concerns issues relating to Mr. Ricketts's citizenship, the issue before the Court in this matter. *See* Fed. R. Evid. 401.

Mr. Hittelman's sworn testimony is admissible because it "was given as a witness at a . . . hearing" and "is now offered against a party," Mr. Ricketts, "who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). Indeed, as the transcript shows, Mr. Ricketts cross-examined Mr. Hittelman.

Mr. Hittelman is unavailable under Rule 804(a) because he will be "absent from the . . . hearing," and Respondent "has not been able, by process or other reasonable means, to procure . . . [his] attendance . . . ." *See* Fed. R. Evid. 804(a)(5)(A). Indeed, as Respondent believes will be testified to at the hearing by one of Respondent's witnesses, Mr. Hittelman retired from government service

nearly 17 years ago, on or around March 31, 1999; further, his last known address was in Colorado—outside this Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1). Thus, Mr. Hittelman is unavailable under Rule 804(a)(5), so his testimony in Mr. Ricketts's 1999 immigration court hearing is admissible. *See* Fed. R. Evid. 804(a)(5)(A).

Further as to the reasonableness of Mr. Hittelman's unavailability and Respondent's efforts to procure his testimony, Respondent has taken to heart and relied upon the Court's repeated expression of desire to, as Respondent understands it, keep the hearing in this matter as short as is reasonably possible. Offering prior sworn testimony from a hearing with identical issues, when Mr. Ricketts had the opportunity to and did in fact cross-examine Mr. Hittelman, is both an efficient use of resources and fair. It also will keep the upcoming hearing meaningfully shorter than it otherwise would have been, assuming, *arguendo*, that it had been possible for Respondent to both locate Mr. Hittelman and convince him to voluntarily travel from Colorado to New York for this hearing.

Regardless, Mr. Hittelman's sworn testimony is reliable and probative, and Mr. Ricketts has been given notice of his last known address (May 11, 2015 disclosures and November 13, 2015 email to Mr. Ricketts's counsel) and

Respondent's intent to offer Mr. Hittelman's prior testimony (November 13, 2015 email to Mr. Ricketts's counsel and this motion), so it is admissible for that reason as well. *See* Fed. R. Evid. 807.

Upon initial review, the portions of the 1999 immigration hearing transcript, Ex. D, containing Mr. Hittelman's testimony are as follows:

| **Gary Hittelman: Immigration Hearing Transcript Page** | **Bates Number** |
|---|---|
| Cover page; 77-112, 114-20; certificate page (undated) | ICE000528, 534-47, 549-55, 667 |

**V. The Court should admit Mr. Ricketts's and Paul Milton Miles's Wingate High School education records under Rule 803(6).**

Respondent moves that the Court admit records of former Wingate High School, held in the custody of the High School for Public Service in Brooklyn, New York, relating to Mr. Ricketts, Ex. E, and Paul Milton Miles, Ex. F. These records tend to confirm or deny Mr. Ricketts's claims concerning where he attended school, and they tend to corroborate Mr. Miles's anticipated testimony about where he attended school. *See* Fed. R. Evid. 401 (relevance).

The Wingate High School records are admissible under what is colloquially referred to as the "business records" hearsay exception. *See* Fed. R. Evid. 803(6).

Respondent will establish through the testimony of Ms. Sherma Owens, the records custodian, that these documents record acts and events and: (1) were made at or near the time by—or from information transmitted by—someone with knowledge; (2) are kept in the course of the organization's regularly conducted activity; and (3) making the records was a regular practice of that activity.

Respondent raises this issue in advance out of abundant caution, and also to illustrate all steps Respondent has taken to resolve as many evidentiary issues as possible before the hearing. Indeed, Respondent invited Mr. Ricketts to stipulate to the authenticity and admission of these documents, but he has not responded.

## VI. The Court should admit the Rule 803(6)-(7) declaration that no Erasmus School records exist for Mr. Ricketts or Paul Milton Miles.

In lieu of live testimony, a party may authenticate records of usually conducted activities (under the "business records exception") by using "a certification that complies with Rule 902(11) [(domestic records)] . . . permitting certification." Fed. R. Evid. 803(6)(D). Rule 902(11), in turn, requires that the proponent give "reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the [adverse] party has a fair opportunity to challenge them." Fed. R. Evid. 902(11). Finally, "[e]vidence that a matter is not included" in a Rule 803(6) record is

admissible if: (A) the evidence is admitted to prove that the matter did not occur or exist; (B) the record was regularly kept for a matter of that kind; and (C) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(7).

Here, all of these requirements are satisfied as to the certification of Ms. Dawn Smoot, showing that the High School for Service and Learning, Erasmus Hall Campus ("Erasmus"), has no records for either Paul Milton Miles or Junior Ricketts. *See* Ex. G. The certification shows that such educational records are regularly kept and that, had any responsive records existed, they would have been admissible under Rule 803(6); further, the certification shows that a search revealed no responsive records.

And the existence (or not) of records for Mr. Ricketts and Paul Milton Miles at Erasmus is relevant to confirm or deny Mr. Ricketts's claim that he attended school there. *See* Fed. R. Evid. 401. This issue is relevant to Mr. Ricketts's credibility as well as to the issue of whether he grew up in Jamaica, the United States, or both.

Finally, Respondent hereby gives Mr. Ricketts reasonable written notice and makes the certification available for inspection, which gives Mr. Ricketts the

opportunity to challenge it. Fed. R. Evid. 902(11). In any event, Mr. Ricketts's testimony at his July 9, 2015 deposition that he attended Erasmus put him on notice that Respondent might search for records to confirm or deny his claim. For all these reasons, Respondent moves to admit the Erasmus certification, Ex. G.

## VII. The Court should admit the Administration for Children's Services Records and declaration that no other records exist under Rule 803.

As shown above, Federal Rules of Evidence 803(6) and (7) permit the authentication (and therefore admission) of records of regularly conducted activity, as well as evidence concerning the absence of such records, and further permit the proponent to lay this foundation with a written certification in lieu of live testimony.

Thus, Respondent moves for the admission of the declaration and accompanying records from the New York City Administration for Children's Services ("ACS"), Ex. H.

As an initial matter, the Court will note that the ACS materials attached as Exhibit H were sent to Respondent's counsel on October 15, 2015, which is after the as-extended October 9, 2015 discovery deadline. However, admission of these records is nevertheless appropriate. First, the October 15, 2015 ACS documents are certified copies of identical records ACS sent to Respondent's counsel on

September 21, 2015; Respondent transmitted the uncertified copies to Mr. Ricketts's counsel on October 6, 2015, within the discovery deadline.

And Respondent transmitted the certified copies to Mr. Ricketts's counsel on November 9, 2015, immediately after Respondent received them. Because the certified copies are substantively indistinguishable from the uncertified copies, there is no prejudice to Mr. Ricketts. Regardless, Mr. Ricketts has not objected to the timing of the production, waiving any such objection.

As to relevance, ACS records, if any, are relevant to Mr. Ricketts's credibility and his claim that, as a child, he lived at a social services organization in New York called Covenant House, as well as at foster homes—both of which would have fallen under ACS's jurisdiction. *See* Fed. R. Evid. 401.

The ACS records, Ex. H, are admissible under in part under Rule 803(6) and in remaining part under Rule 803(7). First, the materials received from ACS include records along with two certifications of their authenticity. *See* Ex. H at ACS 2015 10 15—0001 to -0002. These documents are admissible under Rule 803(6). Alternatively, they are admissible under Rule 803(8), in that they describe an investigation ACS conducted of Mr. Ricketts to ascertain whether he was endangering a child. Regardless, the ACS records appear to substantially comply

with Rule 902(2) (self-authenticating signed and certified domestic public documents).

Further, the ACS records, Ex. H, also contain a Rule 803(7) certification indicating that ACS located no other records of Mr. Ricketts or Paul Milton Miles.

Finally, Respondent hereby gives Mr. Ricketts reasonable written notice and makes the certification available for inspection, which gives Mr. Ricketts the opportunity to challenge it. Fed. R. Evid. 902(11). Mr. Ricketts's testimony at his July 9, 2015 deposition that he spent time in the New York City child welfare system put him on notice that Respondent might search for records to confirm or deny his claim; so did Respondent's subpoenas for such information, on which he was copied. For all these reasons, Respondent moves to admit the ACS records, Ex. H.

## VIII. The Court should admit Mr. Ricketts's and Mr. Miles's Selective Service records under Rule 803(6)-(7).

As shown above, Federal Rules of Evidence 803(6) and (7) permit the authentication (and therefore admission) of records of regularly conducted activity, as well as evidence concerning the absence of such records, and further permit the proponent to lay this foundation with a written certification in lieu of live testimony.

Thus, Respondent moves for the admission of the declaration and accompanying records relating to Mr. Ricketts and Paul Milton Miles from the United States Selective Service System ("SSS"), attached as Ex. I. These records are relevant under Rule 401 because they tend to corroborate or refute the proposition that Mr. Ricketts and Paul Milton Miles are in fact two separate people. They also may shed light on whether Mr. Ricketts appropriated Mr. Miles's identity.

The SSS records are admissible in part under Rule 803(6) and in remaining part under Rule 803(7). First, the July 6, 2015 declaration of SSS records custodian Richard S. Flavahan, contained within Exhibit I, fulfils each of Rule 803(6)'s requirements for authenticating the documents attached thereto. Second, the declaration shows that a diligent search revealed no further records, which suggests that no other records exist. Rule 803(7).

Finally, Respondent hereby gives Mr. Ricketts reasonable written notice and makes the certification available for inspection, which gives Mr. Ricketts the opportunity to challenge it. Fed. R. Evid. 902(11). For all these reasons, the Court should admit the SSS records, Ex. I.

## IX. The Court should admit the Jamaican birth certificate for Junior Ricketts as self-authenticating under Rule 902(3).

Respondent moves to admit the Jamaican birth certificate of "Junior Nationel Ricketts," Ex. J, as a self-authenticating Federal Rule of Evidence 902(3) duly certified foreign public document. Indeed, this document is accompanied by a certification by Jamaican Vice Consul Pauline Gordon, showing it to be "an authentic document duly signed and sealed by the *Registrar General and Deputy Keeper of Records, JAMAICA.*" Ex. J at DOJ 2015.10.26-001. Thus, the birth certificate is admissible under Rule 902(3). It "require[s] no extrinsic evidence of authenticity in order to be admitted . . . ." Fed. R. Evid. 902 (prefatory paragraph). This birth certificate is powerful evidence that Mr. Ricketts is a Jamaican citizen, so it is relevant. *See* Fed. R. Evid. 401.

## X. The Court should admit Mr. Ricketts's conviction records under Rules 609, 803(22), and 902(1).

As noted at the November 4, 2015 status conference, the parties have stipulated to the admission of Mr. Ricketts's certified conviction records, some of which are attached here as Exhibit K. *See* Nov. 4, 2015 Tr. 22:16-20.

Out of abundant caution, however, Respondent also moves that the Court admit these documents under Federal Rule of Evidence 902(1) (self-executing

sealed,[2] signed domestic public documents) and Rule 609 (impeachment by evidence of a criminal conviction).

Respondent has notified Mr. Ricketts of Respondent's intent to rely on Mr. Rickett's multiple criminal convictions. These conviction records should be admitted because they are for crimes punishable by imprisonment for more than one year and /or involve dishonest acts or false statements, and the probative value substantially outweighs the prejudicial effect. *See* Rule 609. Indeed, Respondent believes this is an identity-theft case; thus, Mr. Ricketts's prior convictions for the following crimes materially bear upon Mr. Ricketts's character for truthfulness:

(1) stealing more than $ 5,000 from a federally funded local government agency, in violation of 18 U.S.C. § 666(a)(1)(A);

(2) encouraging and inducing an illegal alien to enter the United States with false documents, in violation of 8 U.S.C. § 1324(a)(1)(D);

(3) fraudulently possessing and misusing an alien registration receipt card, in violation of 18 U.S.C. § 1546; and

[2] The seals on Mr. Ricketts's conviction records may not appear with optimal fidelity in the attached copies, but Respondent proposes to bring the originals to the upcoming hearing.

(4) transporting a youth in foreign commerce with intent that the youth engage in criminal sexual activity, in violation of 18 U.S.C. § 2423.

## XI. The Court should admit self-authenticating certified, sealed Social Security records under Rule 902(1) and 801(d)(2).

Respondent moves to admit the sealed and certified records obtained from the Social Security Administration, Ex. L, under Federal Rule of Evidence 902(1) (self-executing sealed,[3] signed domestic public documents). *See also* Rule 803(6).

These records are applications for Social Security numbers and / or Social Security cards, completed by Mr. Ricketts. They tend to evince that Mr. Ricketts has made claims concerning his identity, family, and residence, all of which is relevant to assessing his credibility and his assertion that he is Paul Milton Miles, and therefore, to the ultimate issue of his citizenship. *See* Rule 401. These records are also admissible as non-hearsay to the extent Mr. Ricketts completed them. *See* Rule 801(2).

## XII. The Court should admit self-authenticating certified, sealed State Department records under Rule 902(1).

Respondent moves to admit the sealed and certified records obtained from the State Department, Ex. M, under Federal Rule of Evidence 902(1) (self-

[3] The seals on the Social Security records may not appear with optimal fidelity in the attached copies, but Respondent proposes to bring the originals to the upcoming hearing.

executing sealed,[4] signed domestic public documents). *See also* Rule 803(6)-(7). These records document and relate to the revocation of a U.S. passport Mr. Ricketts fraudulently obtained. Thus, these records tend to evince claims Mr. Ricketts has made concerning his identity and citizenship, which are relevant to assessing his credibility and his assertion that he is Paul Milton Miles, and therefore, to the ultimate issue of his citizenship. *See* Rule 401.

**XIII. The Court should admit copies of Jamaican passports and other Jamaican travel documents in Junior Ricketts's name under Rule 807.**

Respondent moves the Court to admit copies of Jamaican travel documents (including passports) bearing the name Junior Ricketts, attached as Exhibit N, Exhibit O, Exhibit P, and Exhibit Q. *See, e.g.*, *United States v. Pluta*, 176 F.3d 43, 51 (2d Cir. 1999) ("[I]nasmuch as a passport is, 'in a sense, a letter of introduction in which the issuing sovereign vouches for the bearer and requests other sovereigns to aid the bearer,' a foreign passport may be admissible in a United States court to prove foreign citizenship." (citing *Haig v. Agee*, 453 U.S. 280 (1981))); *see also* Fed. R. Evid. 807 (residual exception).

---

[4] The seals on the State Department records may not appear with optimal fidelity in the attached copies, but Respondent proposes to bring the originals to the upcoming hearing.

Indeed, there are circumstantial guarantees of trustworthiness in that Mr. Ricketts is anticipated to testify, consistent with his deposition, that he applied for the documents, the documents were found in his home, and / or he received them from the Jamaican Embassy. Fed. R. Evid. 807(a)(1). Moreover, given that this is a citizenship case, the Jamaican travel documents would evince material facts. *See* Rule 807(a)(2). Further, SIEA Castro will be available to testify to the difficulty of obtaining the originals, so the copies are "more probative on the point for which [they] are offered than any other evidence that the proponent can obtain through reasonable efforts . . . ." Rule 807(a)(3). Similarly, admitting facsimile copies is far less burdensome than the frequently difficult and sometimes sensitive task of haling foreign officials into U.S. court.

Moreover, admitting into evidence the Jamaican travel documents would enable the Court to consider highly probative and material evidence directly bearing on Mr. Ricketts's citizenship claim; thus, "admitting it will best serve the purposes of these rules and the interest of justice." Rule 807(b)(4). Finally, the Fed. R. Evid. 807(b) notice requirement is satisfied, given that these documents were disclosed in discovery and discussed at some length at Mr. Ricketts's July 9, 2015 deposition; further, on November 13, 2015, Respondent's counsel gave

written notice to Mr. Ricketts's counsel, and provided the address for the Jamaican Consulate in New York.

**XIV. The Court should accept Denise (Dobo) Bantle as an expert and permit opinion testimony under Rule 702.**

Respondent moves the Court to accept Denise (Dobo) Bantle as a Rule 702 expert in the field of forensic DNA analysis. On August 21, 2015, Respondent complied with the September 8, 2015 deadline for designating Ms. Bantle as an expert, and Mr. Ricketts expressed no objection. Respondent's expert designation, including Ms. Bantle's C.V. and expert reports are attached for reference and for identification as Exhibit R, and in the apparent absence of any objection to this witness, Respondent moves to admit them.

Respondent has invited Mr. Ricketts to stipulate that Ms. Bantle is a Rule 702 expert witness; further, Respondent has invited Mr. Ricketts to stipulate to: (1) the soundness of the chain of custody of the DNA samples she tested, (2) the methods she employed, and (3) the conclusions she reached. As of this filing, however, Mr. Ricketts has not responded. Absent stipulations, Respondent thus moves in limine that these matters be deemed established. Respondent raises these issues before the hearing consistent with Judge Brodie's individual practices and

consistent with Respondent's understanding that the Court wishes to resolve as many evidentiary issues as possible before the hearing.

## THE COURT SHOULD EXCLUDE:

### The Court should exclude Mr. Ricketts's anticipated hearsay statements and unauthenticated documents, under Rules 802 and 901.

Reserving the right to make further objections if necessary, Respondent objects to, and asks the Court to exclude, any out-of-court statements (whether in the form of a witness's testimony, or by documentation) which Mr. Ricketts might offer for the truth of the matter asserted therein, without a sponsoring witness with knowledge who can lay a proper foundation, or by certification, and overcome the rule against hearsay. *See* Fed. R. Evid. 802 (hearsay is inadmissible); Rule 901 (regardless, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").

Although Respondent objects to and asks the Court to exclude all inadmissible hearsay and unauthenticated documents which Mr. Ricketts might offer, Respondent refers particularly to documents Mr. Ricketts might offer which purport to be correspondence from Jamaican officials. Absent a foundation laid by a witness with knowledge, and absent a showing that any an exception to the rule against hearsay applies, such proffered evidence is inadmissible. *E.g.*, Fed. R.

Evid. 802 & 901.

The mere fact, without more, that a given document may have been included in the Certified Administrative Record of proceedings before the U.S. Court of Appeals for the Third Circuit, or in a U.S. Department of Homeland Security "A" file, does not establish that the document is what it purports to be or that it is otherwise admissible under the Federal Rules of Evidence.

Indeed, as the Court observed at the February 5, 2015 status conference, documents can appear in administrative records (and the same applies to "A" files, too) without being authenticated or otherwise admissible under the Federal Rules of Evidence:

> MR. MOSS:
> Documents in [an] administrative immigration matter can make their way into an administrative record with no authentication at all. And let me briefly illustrate how that could happen.
>
> THE COURT:
> I appreciate that. I appreciate that any applicant going through this proceeding can submit anything that becomes part of the record.
>
> MR. MOSS:
> Thank you, your Honor. That is the reason why we ask the court not to view this as a record review case just because many documents in the record may or may not have been shown to be reliable and otherwise admissible.
> So while we have talked this morning about documents in the record, we believe that when the court makes findings of fact we will

> ask the court to do that solely based on evidence that has been offered and admitted and indeed maybe some of that evidence will come from documents that happen to be in the record. Certainly a point of departure, we would ask the court to hold off on making findings of fact until the parties have tendered evidence and the court has admitted it.

Feb. 5, 2015 Tr. 20:13 – 21:9; *see also, e.g.*, *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008) ("the Federal Rules of Evidence do not apply in removal proceedings" before an immigration judge).

To be sure, the Court "makes certain allowances for pro se litigants." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008). The right to appear pro se "should not be impaired by harsh application of technical rules." *Id.* (citation omitted). "Nonetheless, pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Id.* (citing authorities). Mr. Ricketts and his pro bono counsel, whose representation is set to expire soon, Dkt. 56, have had many months to discuss these issues.

Thus, in closing, Respondent calls Mr. Ricketts's attention to the familiar concept of authentication and the rule against hearsay, two hallmarks of American jurisprudence. In *Erickson v. Starling*, 235 N.C. 643, 659 (1952) (Ervin, J.), that court poignantly recalled

> a bit of advice received by the writer of this opinion from his father, who was a member of the North Carolina bar for sixty-five years. When the writer first embarked on the practice of law, his father gave him this admonition: "Always salt down the facts first; the law will keep." . . . In the very nature of things, it is impossible for a court to enter a valid judgment declaring the rights of parties to litigation until the facts on which those rights depend have been 'salted down' *in a manner sanctioned by law.*

*Id.* (emphasis supplied). Respondent merely asks the Court to exercise its gatekeeping function and admit into evidence only those facts which Mr. Ricketts has "'salted down' in a manner sanctioned by law." *Id.*; *see also, e.g.*, Fed. R. Evid. 901(a) (to be admissible, evidence's proponent must authenticate it).

**CONCLUSION**

For these reasons, the Court should grant Respondent's motions in limine and admit: (1) Mr. Ricketts's July 9, 2015 deposition; (2) Mr. Schwartz's July 8, 2015 deposition; (3) Mr. Ricketts's 1999 immigration court statements and testimony; (4) Mr. Hittelman's 1999 immigration court testimony; (5) Mr. Ricketts's Wingate High School education records; (6) Mr. Miles's Wingate High School education records; (7) the Erasmus Rule 803(7) certification that no records exist; (8) the Administration for Children's Services records, as business records, and the Rule 803(7) certification that no other records exist; (9) Mr. Ricketts's and Mr. Miles's Selective Service System records as business

records, and the Rule 803(7) certification that no other records exist; (10) the self-authenticating Jamaican birth certificate of "Junior Nationel Ricketts"; (11) certain of Mr. Ricketts's certified conviction records; (12) self-authenticating, signed, sealed Social Security records; (13) self-authenticating, signed, sealed State Department records, which include a Rule 803(7) declaration; (14) Jamaican travel documents bearing the name Junior Ricketts; and (15) the expert testimony, report, CV, and other materials of Denise (Dobo) Bantle, Respondent's DNA forensic analysis expert witness.

Finally, the Court should exclude any out-of-court statements (whether in the form of a witness's testimony, or by documentation) which Mr. Ricketts might offer for the truth of the matter asserted therein, without a sponsoring witness with knowledge who can lay a proper foundation, or by certification, and overcome the rule against hearsay.

///

///

///

(signature block follows)

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant
Attorney General
United States Department of Justice
Civil Division

DOUGLAS E. GINSBURG
Assistant Director
Office of Immigration Litigation

/s/ Erik R. Quick
Erik R. Quick; Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9162
e-mail: erik.quick@usdoj.gov

/s/ Benjamin Mark Moss
Benjamin Mark Moss; Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-8675
e-mail: Benjamin.m.moss2@usdoj.gov
Counsel for Respondent

Dated: November 16, 2015

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

JUNIOR MOHAMMED RICKETTS,
a/k/a JUNIOR NATHANIEL RICKETTS,
a/k/a PAUL MILTON MILES,
Petitioner,

vs.

U.S. Attorney General Loretta E. Lynch,
Respondent.

**Case No. 1:15-cv-00329-MKB-LB**

**[PROPOSED]**

**ORDER ON RESPONDENT'S MOTIONS IN LIMINE**

Upon consideration of the parties' submissions and arguments related to Respondent's November 16, 2015 motions in limine, the Court rules as follows:

The Court **GRANTS** Respondent's motions to admit Respondent's exhibits:

Ex. A (Ricketts July 9, 2015 deposition testimony);

Ex. B (Schwartz deposition testimony);

Ex. C (Schwartz deposition exhibits);

Ex. D (Ricketts 1999 immigration court statements and testimony, and

Hittelman 1999 immigration court testimony);

Ex. E (Ricketts education records—Wingate High School);

Ex. F (Miles education records—Wingate High School);

Ex. G (Smoot certification of no Erasmus education records for Ricketts or Miles);

Ex. H (Administration for Children's Services records and certification that no other records for Ricketts or Miles exist);

Ex. I (Selective Service System records and certification that no other records for Ricketts or Miles exist);

Ex. J (certified Jamaican birth certificate of "Junior Nationel Ricketts");

Ex. K (Ricketts certified conviction records);

Ex. L (Social Security Administration certified and sealed records);

Ex. M (State Department certified and sealed records);

Ex. N (Jamaican passport 114877);

Ex. O (Jamaican passport 565227);

Ex. P (Jamaican emergency certificate dated March 29, 2000);

Ex. Q (Jamaican emergency certificate 119962); and

Ex. R (Denise (Dobo) Bantle expert materials) and accepts Ms. Bantle as a

Rule 702 expert.

The Court **GRANTS** Respondent's motion to exclude any out-of-court statements (whether in the form of a witness's testimony, or by documentation) which Mr. Ricketts might offer for the truth of the matter asserted therein, without a sponsoring witness with knowledge who can lay a proper foundation, or by certification, and overcome the rule against hearsay. *See* Fed. R. Evid. 802 (hearsay is inadmissible); Rule 901 (regardless, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").

The Court reminds Mr. Ricketts that the mere fact that a given document may have been included in the Certified Administrative Record of proceedings before the U.S. Court of Appeals for the Third Circuit, or in a U.S. Department of Homeland Security "A" file, does not establish that the document is what it purports to be or that it is otherwise admissible under the Federal Rules of Evidence.

The Court will grant Mr. Ricketts reasonable latitude as a pro se litigant, but nevertheless, Mr. Ricketts remains obligated, and has had the opportunity, "to inform [himself] regarding procedural rules and to comply with them." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008).

It is so ORDERED.

____________________________ Dated: __________, 2015

U.S. District Judge

## CERTIFICATE OF SERVICE

I certify that on November 16, 2015, Respondent served a true copy of this pleading via the Court's CM/ECF system, which caused a copy to be served on Mr. Ricketts's record counsel:

Thomas Edward Moseley
Law Offices of Thomas E. Moseley
One Gateway Center
Suite 2600
Newark, NJ 07102
e-mail: moselaw@ix.netcom.com

Michael P. DiRaimondo
DiRaimondo & Masi, LLP
445 Broadhollow Road; Suite 107
Melville, New York 11747
e-mail: mpd@diraimondoandmasi.com

/s/ Benjamin Mark Moss
TRIAL ATTORNEY
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Attorney for Respondent