UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JUNIOR MOHAMMED RICKETTS, *aka* JUNIOR
NATHANIEL RICKETTS, *aka* PAUL MILTON
MILES,

**MEMORANDUM & ORDER**
15-CV-00329 (MKB) (LB)

Petitioner,

v.

U.S. ATTORNEY GENERAL LORETTA LYNCH,

Respondent.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On January 20, 2015, the Third Circuit Court of Appeals transferred this action to the Eastern District of New York pursuant to 8 U.S.C. § 1252(b)(5)(B) for an evidentiary hearing on the claim by Petitioner Junior Mohammed Ricketts that he is a United States citizen. (Transfer Order, Docket Entry No. 1-15.) On December 4, 2015, the Court conducted an evidentiary hearing to review *de novo* Petitioner's claim of United States citizenship by birth. Upon review of the evidence, as more fully set forth below, the Court finds that Petitioner has failed to demonstrate by a preponderance of the evidence that he is a citizen of the United States.

**I. Background**

According to Petitioner, he is a United States citizen, born in Brooklyn, New York. (Pet. for Review 2, Docket Entry No. 1-13.) Petitioner claims that he was born on August 31, 1964 and named Paul Milton Miles, as set forth in a birth certificate in the name of Paul Milton Miles, born in Brooklyn, New York on that date. Petitioner later changed his name and birth certificate to Junior Mohammed Ricketts.

In 1995, Petitioner was convicted in the United States District Court for the Southern

District of New York of several criminal offenses including illegal trafficking of aliens, embezzlement, and fraud involving misuse of an alien registration card. (Ex. K; *see also* Admin. Record Part 3 at 620–27, 637, Docket Entry No. 1-2; Pet'r Reply Post-Hearing Br. ("Pet'r Reply") 3, Docket Entry No. 80.) On December 3, 1999, following a hearing, Immigration Judge Walter Durling rejected Petitioner's claim of United States citizenship by birth and found him removable. (*See* Pro Bono Pet'r Br. 2, Docket Entry No. 1-11; Admin. Record Part 2 at 587–96, Docket Entry No. 1-1.) The Board of Immigration Appeals (the "BIA") entered a final order of removal. (*See* Pro Bono Pet'r Br. 2.) Petitioner filed a petition for review of the order of removal and requested a stay of the removal from the Third Circuit but, on April 3, 2000, Petitioner was deported to Jamaica, before the Third Circuit considered his petition or motion. (*See id.*) At some point subsequent to his deportation, Petitioner returned to the United States.[1] (*See id.* at 3; Pet'r Reply 3.)

On April 22, 2005, while Petitioner was in state custody for a criminal theft conviction, the Department of Homeland Security ("DHS") reinstated the prior order of removal against Petitioner. (Pro Bono Pet'r Br. 3.) Petitioner subsequently filed multiple motions, with both the Third Circuit and the BIA, to reopen his case and to terminate the order of removal, asserting that he had new evidence of his United States citizenship. (*See id.*; Order Denying Mot. to Reopen dated Mar. 19, 2010, annexed to Pet. for Review.) These requests were all denied. (*See* Pro Bono Pet'r Br. 4.)

On March 29, 2010, Petitioner filed with the Third Circuit a new petition for review of a

---

[1] Petitioner presents conflicting evidence as to when he returned to the United States after deportation. He asserts that he returned to the United States in 2003, (Ex. III at 4), but also states that he applied for a United States passport in person at a Brooklyn post office on October 15, 2002, (Tr. 93:25–94:5; *see also* Ex. M at 15).

March 19, 2010 BIA decision denying a motion to reopen his case and terminate the removal proceedings against him. (Pet. for Review 2.) On October 8, 2010, the Third Circuit issued an order staying Petitioner's removal from the United States pending adjudication of his petition. (Docket Entry No. 1-8.)

In March 2014, while still in custody, Petitioner was convicted for witness tampering in the United States District Court for the Western District of New York (Buffalo) and was transferred from state custody to the custody of DHS to be removed to Jamaica. (Ex. K; *see also* Resp't Br. in Opp'n to Pet. for Review 4, Docket Entry No. 1-9.) In January of 2015, Jamaica issued a travel document for Petitioner to facilitate his removal to Jamaica. (*Id.*) On January 13, 2015, the government and Petitioner filed a joint motion to transfer the case under section 1252(b)(5)(B), agreeing that there is a genuine issue of material fact as to Petitioner's claim of United States nationality. (Joint Mot. to Transfer Case, Docket Entry No. 1-14.) The Third Circuit granted the parties' joint motion and transferred the matter to this Court to determine Petitioner's claim of United States citizenship.

## II. Findings of fact

1. All births in New York City are required to be reported to the New York City Health Department and the Bureau of Vital Records. (Ex. B. at 5 (Steven Schwartz Dep. 19:11–20:5).) Each New York City birth certificate is assigned a distinct certificate number. (*Id.* at 7 (Schwartz Dep. 27:5–8).)

### a. Paul Milton Miles

2. A certified copy of the birth certificate filed with the New York City Bureau of Vital Statistics under certificate number 156-64-337372 indicates that Paul Milton Miles was born on

August 31, 1964, (the "Miles Birth Certificate"). (Ex. C at 14–15; *see* Ex. B. at 7 (Schwartz Dep. 26:9–27:5)).

3. Paul Milton Miles was born to parents Lizzie Mae McLaughlin and Robert Miles.[2] (Ex. C at 14–15; *see* Ex. B. at 7 (Schwartz Dep. 26:9–27:5).)

4. According to the New York City Registrar of Vital Statistics, only one person named Paul Milton Miles was born in Brooklyn, New York, in 1964, (*id*. at 7 (Schwartz Dep. 25:5–12)), and no other Paul Milton Miles was born in Brooklyn, New York, from January 1, 1955 to January 1, 1970, (*id*. at 13 (Schwartz Dep. 52:17–25)).

5. Paul Milton Miles, Lizzie Mae Page Miles, and Robert Miles, Jr. all identified the Miles Birth Certificate as belonging to Paul Milton Miles, an individual other than Petitioner.[3] (Tr. of Dec. 4, 2014 Evidentiary Hearing ("Tr.") 156:9–158:8, 181:4–186:12; Ex. QQ at 9 (Lizzie Mae Page Miles Dep. ("Page Dep.") 33:7–34:14).)

6. Lizzie Mae Page Miles identified her son Paul Milton Miles at her deposition. (Ex. QQ at 16 (Page Dep. 63:25–64:11).) Paul Milton Miles was physically present in the room at the time of the deposition. (*Id*.) DNA evidence also confirms that Lizzie Mae Page Miles,

---

[2] On November 16, 1964, the New York City Department of Health, Bureau of Vital Records made three amendments to the Miles Birth Certificate. (Ex. C at 16–21.) The amendments changed the time of birth from 2:35 a.m. to 1:30 a.m., changed the father's name from Robert to Robert Jr., and changed the mother's maiden name from McLaughlin to Page. (*Id*.; *see also* Ex. B at 8–11 (Schwartz Dep. 31:19–41:25).)

[3] In Petitioner's post-hearing brief, he asserts that "the [C]ourt denied Petitioner the opportunity to cross-exam[ine Ms. Page Miles]. . . in open court" and thus he is "only left with her deposition to present the truth" to the Court. (Pet'r Reply 10.) Petitioner had the opportunity to cross-examine Ms. Page Miles at her deposition, which he and his counsel decided not to attend. (Tr. 191:6–192:16.) At the December 5, 2015 hearing, the Court admitted the transcript of Ms. Page Miles' deposition in lieu of her live testimony. (Tr. 191:6–200:11.)

Robert Miles, Jr., and Paul Milton Miles are related to one another and that they are not related to Petitioner. (Ex. R at 9–16 (DNA samples collected and analyzed by the government).)

7. On February 1, 1990, the New York City Department of Health, Bureau of Vital Records, amended the Miles Birth Certificate, changing the birth name from "Paul Milton Miles" to "Junior Mohammed Ricketts," based on a court order dated July 10, 1984. (Ex. C at 22–27; Ex. B at 11–13 (Schwartz Dep. 42:2–52:5).) The change was effective as of August 19, 1984.[4] (Ex. C at 22–27.)

8. Neither Paul Milton Miles, Lizzie Mae Page Miles, nor Robert Miles, Jr. requested a change of the name on the Miles Birth Certificate to "Junior Mohammed Ricketts." (Tr. 156:9–158:8, 185:1–186:1; Ex. QQ at 7–9 (Page Dep. 28:3–33:19).)

9. Paul Milton Miles has never changed his name, nor has he been known by any other names, including "Junior Mohammed Ricketts." (Tr. 133:15–134:5, 150:2–16, 186:17–187:1; Ex. QQ at 7 (Page Dep. 26:12–18).)

10. Paul Milton Miles never applied for or obtained a United States passport, and never completed any applications for passports in the name of Paul Milton Miles or Junior Ricketts. (Tr. 158:13–16; 159:4–9; 160:2–4.)

11. Paul Milton Miles attended Wingate High School in Brooklyn, New York ("Wingate") from September 10, 1980 until he stopped attending school on or about April 28, 1983. (Ex. F at 5, 18; Ex. UU at 22; Ex. QQ at 10 (Page Dep. 39:13-24); Tr. 144:19–25, 187:3–4, 206:2–207:5.)

---

[4] To effectuate the amendment, a records clerk hand-wrote the name "Junior Mohammed Ricketts" on the birth certificate. (Ex. B at 12 (Schwartz Dep. 47:12–48:25); Ex. C at 22–27.)

### b. Junior Ricketts

12. According to a certified Jamaican birth certificate, Junior Nationel Ricketts was born on October 12, 1955 in Jamaica. (Ex. J; *see* Tr. 246:5–248:5 (discussing with Agent Castro how the government obtained the certified Jamaican birth certificate in 2009)); *see also* Tr. 11:1–12:23 (Petitioner at some point had in his possession a Jamaican birth certificate bearing the name Junior Nathaniel Ricketts, and stated that the Jamaican birth certificate had been given to him and that he did not remember when or by whom.); Ex. XX at 42 (An undated student admission application to Wingate states that a Junior Ricketts was born in St. Andrews, Jamaica on October 12, 1965.).)

13. According to the Jamaican birth certificate, the mother of Junior Nationel Ricketts was Viola Campbell and his father was unidentified.[5] (Ex. J.)

14. Junior Ricketts attended Greenwich Primary School in Jamaica, from August 14, 1974 until July 6, 1978, and Linton Park Secondary School in Jamaica, from July 6, 1980 until December 18, 1982. (Ex. XX at 42.)

15. In or about February of 1983, Junior Ricketts transferred from school in Jamaica to Wingate.[6] (*See* Ex. E (stating that Ricketts had transferred "FROM Jamaica TO Wingate" on February 1, 1983); Ex. XX at 3 (stating that Ricketts was "new in country"); Tr. 212:1–3 (stating that, based on the school records, it appeared that "[Ricketts] was admitted from Jamaica and that "[he] came from Jamaica and was admitted to Wingate High School").)

---

[5] According to Wingate school records, Junior Ricketts' parents are Ezier Ricketts and Keturah Campbell. (Ex. XX at 42.)

[6] Wingate accepted twenty-two transfer credits from Jamaica for Ricketts. (Ex. XX at 11 (Jamaican report card), 12 (memo calculating transfer credits); Tr. 216:16–217:5, 225:4–24.)

6

16. Junior Ricketts attended Wingate at various points from February 1, 1983, to January of 1985. (Ex. E at 13; Ex. JJJ at 1.) Ricketts graduated from Wingate and subsequently obtained a college degree. (Ex. JJJ at 1; Ex. KKK at 1–2.)

17. On at least four separate occasions between 1980 and 1981, Junior Ricketts entered the United States using a Jamaican passport, number 114877 (the "Jamaican Passport 114877"). (Ex. Z (I-94 entry record); Ex. BB (I-94 entry record); Ex. CC (I-94 entry record); Ex. DD (I-94 entry record); *see also* Ex. D at 90–92; Tr. 265:22–277:11.)

### c. Petitioner

18. Petitioner attended Wingate, but does not recall when. (Tr. 62:10–23 (Petitioner testified that he "kn[e]w he went to Wingate" although he "[could not] recall what time [he] went to Wingate."), 65:1–7, 211:20–23, 212:9–22.)

19. On June 16, 1983, Petitioner applied for and obtained a Jamaican passport in the name of Junior Nathaniel Ricketts, passport number 565227, from the Jamaican consulate in New York, (the "Jamaican Passport 565227"). (Ex. O; Ex. GG; *see also* Tr. 10:8–11:14, 13:16–14:6 (stating that he obtained the Jamaican passport for travel purposes), 74:20–75:4; 82:13–24; 84:1–85:8.) The June 16, 1983 application references an older Jamaican passport in the name of Junior Ricketts, the Jamaican Passport 114877. (Ex. GG at 18, block 8; *see* Tr. 260:19–261:10, 265:14–21.)

20. On May 11, 1984, Petitioner used his photograph to apply for a United States passport in the name of Paul Milton Miles. (Ex. M at 10; *see* Tr. 94:15–23.) There is no clear evidence before the Court as to whether a passport was issued to Petitioner as a result of this application.

7

21. At the time of a 1992 immigration investigation related to his criminal charges, and at the time of his removal to Jamaica in 2000, Petitioner had the Jamaican Passport 565227 in his possession, (Tr. 77:6–11, 258:8–17, 287:20–289:3), along with a partially burned copy of the Jamaican Passport 114877, (Ex. N; *see also* Ex. D at 92; Tr. 80:2–81:14).

22. On or about April 3, 2000, the United States government removed Petitioner to Jamaica. (Tr. 97:20–23, 277:12–278:25.)

23. After he was removed to Jamaica, Petitioner made numerous claims of United States citizenship to the United States embassy in Jamaica. (Tr. 14:12–15:23 (Petitioner's testimony that Jamaica permitted him to return to the United States).) Petitioner's claim of United States citizenship was rejected by the United States consulate in Jamaica. (Tr. 282:17–283:25 ("Vice Consul Gregg . . . stated . . . that Mr. Ricketts had claimed many times at the American embassy that he was, indeed, a United States citizen and all those claims were denied."), 297:23–25.)

24. On October 15, 2002, Petitioner applied for a United States passport in the name of Junior M. Ricketts.[7] (Ex. M at 15; *see* Tr. 93:2–11.) While the record does not reflect whether a passport was issued based on this application, the evidence establishes that Petitioner did obtain at least one United States passport from the United States State Department (the "State Department") and that on February 16, 2010, the State Department revoked a United States passport with number 302462738, issued to Petitioner on November 2, 2002 in the name of Junior M. Ricketts, as fraudulently obtained.[8] (*See* Ex. M at 2–3 (Letter dated Feb. 16., 2010

---

[7] As indicated in Footnote 1, Petitioner asserts that he applied for this passport on October 15, 2002 in person at a Brooklyn post office. (Tr. 93:25–94:5, *see also* Ex. M at 15.)

[8] On February 16, 2010, the State Department notified Petitioner of its decision to revoke his United States passport, stating that, "[Y]ou fraudulently obtained the identity of Paul Milton Miles and made false assertions of U.S. citizenship." (Ex. M at 2.) On April 15, 2010, Petitioner

8

from the State Department revoking Petitioner's United States passport and further stating that "any other U.S. passports issued to you in this identity or any other" were also revoked); Ex. D at 87–88 (Hittleman Tr. 537:7–538:2); Tr. 19:18–25, 91:6–96:7, 252:3–11, 253:5–7.)

25. In or about 2002 or 2003, DHS took custody of Petitioner while he was serving a criminal sentence imposed as a result of charges brought by the Manhattan District Attorney's Office for theft of $1000. (*See* Tr. 16:23–17:24 (Petitioner stated that he was prosecuted in 2002 or 2003 by the Manhattan District Attorney for theft of $1000 in cash from his employer and sentenced to a three-to-six-year term, and that, in 2006, at the end of his criminal term, he was transferred to immigration custody.); 238:10–23.)

26. In or around January of 2015, to effectuate Ricketts's anticipated second removal to Jamaica, DHS obtained a second travel document bearing the name Junior Nathaniel Ricketts from the Jamaican government. (Ex. Q; Tr. 283:16–284:22.)

### III. Discussion

#### a. Evidentiary standard

There are "two sources of citizenship, and two only: birth and naturalization." *Miller v. Albright*, 523 U.S. 420, 423–34 (1998) (quoting *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898)). Pursuant to 8 U.S.C. § 1252(b)(5)(B), if a petitioner challenging a final removal order claims to be a United States national, and the appeals court identifies a "genuine issue of material fact" about the petitioner's nationality:

> [T]he court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

---

requested a hearing to challenge the revocation of his United States passport but later withdrew the request. (Ex. W; Tr. 21:3–13, 256:9–21, 257:2–8.)

Upon transfer, the district court is required to conduct a *de novo* evidentiary hearing on the petitioner's nationality claim. *Fisher v. Mukasey*, 274 F. App'x 96, 98 (2d Cir. 2008) (citing *Agosto v. Immigration and Naturalization Serv.*, 436 U.S. 748, 756–57 (1978)); *see also Moreno v. Holder*, 980 F. Supp. 2d 394, 396–97 (E.D.N.Y. 2013) ("[T]his Court must conduct a *de novo* evidentiary hearing to determine the validity of the petitioner's claim of citizenship.").

The petitioner bears the burden of proving citizenship by a preponderance of the evidence. *Moreno*, 980 F. Supp. 2d at 397 (citing *Fisher v. Mukasey*, No. 08-CV-1812, 2008 WL 4693135, at *6 (E.D.N.Y. Oct. 22, 2008)); *Berenyi v. Dist. Director, INS*, 385 U.S. 630, 637 (1967) ("[T]he burden is on the alien applicant to show his eligibility for citizenship in every respect. This Court has often stated that doubts should be resolved in favor of the United States and against the claimant." (citation and internal quotation marks omitted)); *see also* 22 C.F.R. § 51.40 ("The applicant has the burden of proving that he . . . is a U.S. citizen or non-citizen national.").

### b. Petitioner has not shown that he is a United States citizen

Petitioner relies on the Miles Birth Certificate to assert that he was born in Brooklyn, New York, and is therefore a citizen of the United States. (Pet. for Review 2; Tr. 5:21–6:1 (Petitioner stated that "the issue that I see in this case is actually the birth certificate . . . . I think the entire case is based on this entire birth certificate.").) Petitioner has failed to demonstrate that he is a United States citizen.

Petitioner contends that he was born Paul Milton Miles in Brooklyn, New York on August 31, 1964, and that he had his name changed on the Miles Birth Certificate from "Paul Milton Miles" to "Junior Mohammed Ricketts," by obtaining a court order in 1984. (Tr. 25:2–23 ("My name before [was] Paul Milton Miles, but the court changed it to Junior Mohammed

10

Ricketts in 1984."); 25:21–28:13 (describing having the name changed on the birth certificate); *see also* Ex. A at 2, 36, 42 (Ricketts Dep. 5:17–18; 7:16–19, 143:9–12; 168:11–22).) Petitioner contends that this demonstrates that the Miles Birth Certificate was his from birth.

The Miles Birth Certificate establishes that, on February 1, 1990, the New York City Department of Health, Bureau of Vital Records, issued an amended Miles Birth Certificate, changing the name from Paul Milton Miles to Junior Mohammed Ricketts, based on a 1984 court order. (Ex. C at 22–27; Ex. B at 11–13 (Schwartz Dep. 42:2–52:5).) This evidence fails to establish that Petitioner is Paul Milton Miles and, at most, establishes that Petitioner succeeded in persuading a New York court that the Miles Birth Certificate was his and thereby obtained a court order which required the Vital Statistics office to change the name on the Miles Birth Certificate to Junior Mohammed Ricketts. Petitioner has failed to present any other evidence to substantiate his claim that he is Paul Milton Miles, son of Robert Miles, Jr. and Lizzie McLaughlin Miles.

Petitioner's inability to recall any of the details of his childhood as Paul Milton Miles and his uncorroborated and factually disputed claims as to his childhood further support the finding that Petitioner is not Paul Milton Miles. Petitioner testified that he was supervised by the child welfare system in the 1980s, (Tr. 25:7, 28:13, 46:9–12, 85:9–11), but the New York City Administration for Children's Services ("ACS") has no records of Junior Ricketts or Paul Milton Miles spending time in the child welfare system.[9] (*See* Ex. H. at 1.) In addition, Petitioner was consistently unable to answer questions about where he lived and grew up as a child, instead asserting that he did not know or did not recall the answers to dozens of questions about his

---

[9] The only records ACS located documented an investigation of Junior Ricketts' endangerment of a minor child in the early 1990s. (Ex. H at 1.)

grade-school years. (Tr. 32:16–18 (stating that he could not recall whether he had lived in multiple foster homes), 35:3–11 (testifying that he could not remember at what age he was assigned to live in foster homes), 37:8–11 (stating that he did not remember the location of or landmarks near Covenant House, where Petitioner testified he lived), 38:12–41:21 (stating that he did not recall where he lived at various ages and grade levels, from the age of four through eighth grade, and that he did not recall the names of any teachers or friends from elementary or high school), 43:22–45:12 (testifying that he did not know the height or physical description of Keturah Campbell, identified on school forms as Petitioner's mother); 48:1–24 (stating that he did not recall where he lived during second, fourth, or eighth grades).) Petitioner's repeated inability to remember basic facts from his childhood casts further doubt on the veracity of his claim that he was Paul Milton Miles at birth.

Petitioner has failed to demonstrate by a preponderance of the evidence that he is a United States citizen by virtue of his birth in Brooklyn, New York.

### c. Evidence establishes that Petitioner is not a United States citizen

#### i. Petitioner is not Paul Milton Miles

The evidence establishes that Paul Milton Miles, who testified at the December 5, 2015 hearing, is the person whose birth is recorded on the Miles Birth Certificate. Only one person by that name was born in Brooklyn, New York in 1964, and within a fifteen year span from 1955 to 1970. (Ex. B. at 7 (Schwartz Dep. 25:5–12), 13 (Schwartz Dep. 52:17–25)). The testimony of Paul Milton Miles, his father Robert Miles, Jr. and his mother Lizzie Mae Page Miles all confirms that the Miles Birth Certificate belongs to Paul Milton Miles, not to Petitioner. (Tr. 154:3–156:8, 181:4–186:12; Ex. QQ at 9 (Page Dep. 33:7–34:14).) In addition, Miles has never changed his birth certificate or used any other name. (Tr. 133:15–134:5, 150:2–16,

12

156:9–158:8, 185:1—187:1; Ex. QQ at 7–9 (Page Dep. 26:12–18, 28:3–33:19).) Moreover, DNA evidence confirmed that these individuals are all related to each other and are not related to Petitioner. (Ex. R at 9–16.)

Petitioner argues that the Court should reject the testimonies of the Miles family as not credible because of minor inconsistencies between the testimonies.[10] (Pet'r Reply 6–11.) Even in the face of the minor inconsistencies regarding the details of events that took place decades ago, the Court finds the testimony of the members of the Miles family credible. Moreover, Petitioner's challenge to the inconsistencies does not outweigh the clear evidence that the Miles Birth Certificate records the birth of Paul Milton Miles, who is not Petitioner.

The evidence overwhelmingly establishes that the Miles Birth Certificate belongs to the Paul Milton Miles who testified at the December 5, 2015 hearing, and not to Petitioner, who appears to have appropriated the Miles Birth Certificate as his own.

### ii. Petitioner is Junior Ricketts

The evidence further establishes that Petitioner is Junior Ricketts and that the Jamaican birth certificate, recording the birth of Junior Nationel Ricketts, (Ex. J), belongs to Petitioner.

---

[10] For example, Petitioner notes that Lizzie Mae Page Miles and Paul Milton Miles have inconsistently recounted the time of Paul's birth, whether Paul was born at home, in an ambulance or at a hospital, and whether Paul attended Wingate or another high school. (Pet'r Reply 6–11.) Paul Milton Miles testified that he was born at home and taken to Greenpoint Hospital. (Tr. 139:1–140:9; 171:9–171:15.) He explained that he had previously identified the hospital as Cumberland Hospital because Greenpoint has since closed and its name had been changed to Cumberland and he clarified that he had previously stated that he was born at the hospital because he was taken there after his birth. (*Id.*) Lizzie Mae Page Miles confirmed that Paul was born at home and transported to Greenpoint Hospital by ambulance. (Ex. QQ at 7 (Page Dep. 26:22–27:16).) Lizzie Mae Page Miles testified that she forgot the time of Paul's birth, but that it was "maybe in the afternoon," although the Miles Birth Certificate reports the birth at 2:30 A.M. (Ex. QQ at 14 (Page Dep. 56:5–56:14).) Petitioner also emphasizes that Lizzie Mae Page Miles initially identified Paul's high school as "Winthrop" High School, although when asked if Wingate was the correct name of the high school, she confirmed that it was. (Ex. QQ at 16 (Page Dep. 35:17–35:23).)

While Petitioner denied traveling on a Jamaican passport, (Tr. 83:14-17; Pet'r Reply 4), the evidence of his application for, receipt, possession and use of the Jamaican Passport 114877 and the Jamaican Passport 565227 strongly support the conclusion that Petitioner is Junior Ricketts, a Jamaican citizen by birth.

The Jamaican birth certificate, passports, passport application and school records from Jamaica and from Wingate all establish that Petitioner was born in St. Andrew, Jamaica, and that he attended school in Jamaica before arriving in the United States in or about February of 1983. The Jamaican birth certificate, I-94 entry forms and Wingate records all list Petitioner's birthplace as St. Andrew, Jamaica.[11] (Ex. J; Ex. XX at 42; Ex. Z; Ex. BB; Ex. CC; Ex. DD.) Finally, the Jamaican birth certificate lists Petitioner's mother as Viola Campbell, the same surname that Petitioner has used on other occasions to refer to his mother: (1) Sylvia V. Campbell, (Ex. L at 7 (January 22, 1988 SSA application)), and (2) Keturah Campbell, (*see, e.g.*, Ex. L at 3–5; Ex. XX at 42).

Moreover, the names on Petitioner's Jamaican birth certificate, the Jamaican Passport 114877, the Jamaican Passport 565227 and his Jamaican passport application are markedly similar. His name "Junior Nationel Ricketts," on the birth certificate, closely resembles "Junior Nathaniel Ricketts," as listed on the Jamaican Passport 565227, (Ex. O), his Jamaican passport application, (Ex. GG), and the I-94 records showing Petitioner's entry into the United States

---

[11] Petitioner argues that the Wingate records do not demonstrate that he attended school in Jamaica. He contests that the Jamaican report card in Wingate's records is "purely fictitious," (Pet'r Reply 4), and that, if born in 1955, he could not have attended Linton Park Secondary School because he would have been older than the students, aged six to twelve, (id. at 5). The Court rejects Petitioner's objections as contrary to the evidence. The original Wingate records, which the Court examined at the hearing, reflect that Junior Ricketts transferred to Wingate after having attended Greenwich Primary School and Linton Park Secondary School in Jamaica, and that when Petitioner was admitted, Wingate accepted twenty-two credits based on Petitioner's schooling in Jamaica.

14

multiple times during 1980 and 1981, (Ex. Z; Ex. BB; Ex. CC; Ex. DD), and "Junior Ricketts" on the Jamaican Passport 114877, (Ex. N). Furthermore, Petitioner testified that his middle name was previously "Nathaniel," (Tr. 91:18–20), corresponding with the middle name on the Jamaican passport application and Jamaican passports. In addition, the birth date — October 12, 1955 — recorded on the Junior Nationel Ricketts Jamaican birth certificate, (Ex. J), matches the birth date listed on the I-94 entry records from 1980 and 1981, (Ex. Z; Ex. BB; Ex. CC; Ex. DD). On Petitioner's Jamaican passport application, (Ex. GG), the Jamaican Passport 565227, (Ex. O), and Petitioner's Wingate application, (Ex. XX at 42), Petitioner's birthdate is listed as October 12, 1965, the same date and month but ten years later than the October 12, 1955 date listed on the Jamaican birth certificate and I-94 entry records.

Petitioner states that he obtained the Jamaican Passport 565227 fraudulently and never travelled on it, and that the Jamaican Consulate determined that he had obtained it fraudulently and that he was not the original passport holder. (Pet'r Reply 4.) Petitioner argues that "[a] foreign passport that was confiscated and declared to be fraudulently obtained by the issuing authority cannot be probative of citizenship." (*Id.*) Petitioner further argues that communications from the Jamaican government entities to him regarding his claim that he is a United States citizen demonstrate that Jamaican officials have concluded that he is not a Jamaican citizen. (*See* Ex. 4, Ex. 5, Ex. 6, Ex. 9.)

The evidence before the Court reflects that Petitioner temporarily persuaded individuals within the Jamaican government to investigate his claim of United States citizenship and that Jamaican authorities have since rejected such a claim. (Ex. Q; Tr. 283:16–284:22.) In January of 2015, Jamaica issued a travel document to Petitioner, in the name of Junior Nathaniel Ricketts, for removal to Jamaica. (Ex. Q; Tr. 239:22–240:23, 279:1–19; 285:7–18, 290:4–18.)

15

The United Stated embassy in Jamaica has rejected Petitioner's U.S. citizenship claim, and Jamaica "[is] willing to take him back." (Tr. 283:16–284:22.) Thus, the recent actions by the Jamaican government support the Court's conclusion that Petitioner is Junior Ricketts, a Jamaican citizen, and outweigh any evidence that the Jamaican government had previously doubted Petitioner's Jamaican citizenship.

The evidence overwhelmingly establishes that Petitioner is Junior Ricketts, a Jamaican national who was not born in the United States.

## IV. Conclusion

For the foregoing reasons, the Court finds that Petitioner is not a United States citizen.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 7, 2016
      Brooklyn, New York